IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal Action No. |
| v. ) | 07-00218-01-CR-W-NKL |
| ) | |
| EMMANUEL ROBINSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

On April 14, 2008, United States Magistrate Judge Robert E. Larsen issued a Report and Recommendation recommending that this Court enter an order (1) granting a four-month extension of time for Defendant's commitment to the United States Medical Facility for Federal Prisoners in Springfield, Missouri, and (2) requiring that, prior to physically transferring Defendant to Kansas City upon the reinstatement of his competency, the Warden or a designated representative shall contact counsel in this case to determine how to maintain Defendant's competency throughout the trial [Doc. # 61].

After Defendant Emmanuel Robinson filed a motion for judicial determination of mental competency on June 20, 2007, he was examined at the United States Medical Center for Federal Prisoners by Dr. Christina A. Pietz, Ph.D. She determined that he was competent to proceed, as his bipolar disorder was controlled with medication; Dr. Pietz opined that Defendant would in all likelihood quickly decompensate if he stopped taking his medication, and that he was likely to stop taking the medication if given the chance. Defendant sought

a second opinion and was examined by John Wisner, M.D., on May 29, 2008, who found Defendant not competent.

Magistrate Judge Larsen held a competency hearing on July 16, 2008, at which Dr. Pietz testified. She stated that Defendant had become violent, and opined that he could deteriorate to the point of incompetence with any changes to or discontinuation of his medication. Dr. Wisner testified regarding the paranoid and psychotic symptoms which Dr. Wisner opined rendered Defendant not competent; Dr. Wisner testified to his belief that Defendant could possibly be restored to competence with psychiatric treatment in a mental facility within the Bureau of Prisons. The Court found Defendant not competent to proceed and ordered that he be committed for treatment pursuant to 42 U.S.C. § 4241(d)(1).

On March 12, 2009, Dr. Pietz prepared a treatment summary and request for extension of commitment. She stated in her opinion that Defendant was close to being competent to stand trial, given the history of his treatment since arriving at the facility.

On April 9, 2008, Magistrate Judge Larsen held a teleconference. Defendant was represented by Assistant Federal Public Defender Ronna Holloman-Hughes and the Government was represented by Assistant United States Attorney Jess Michaelson. Counsel agreed that an additional four months of treatment would be reasonable. Referencing 18 U.S.C. §4241(d), Magistrate Judge Larsen concluded that there is a substantial probability that within four months Defendant will attain the capacity to permit the proceedings to go forward.

Pursuant to the Report and Recommendation of United States Magistrate Judge Robert E. Larsen, to which there has been no timely objection, and after a *de novo* review of the record, the Court finds that there is substantial probability that within four months Defendant will attain the capacity to permit the proceedings to go forward.

Accordingly, it is hereby ORDERED that the four-month extension of time for Defendant's commitment to the United States Medical Facility for Federal Prisoners in Springfield, Missouri, is GRANTED.

It is FURTHER ORDERED that, prior to physically transferring Defendant to Kansas City upon the reinstatement of his competency, the Warden or a designated representative shall contact counsel in this case to determine how to maintain Defendant's competency throughout the trial.

IT IS SO ORDERED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: April 27, 2009
Jefferson City, Missouri