IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 07-00218-01-CR-W-NKL |
| EMMANUEL ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On February 14, 2008, defendant filed a motion for a judicial determination of mental competency. Defendant was examined at the Medical Center for Federal Prisoners in Springfield, Missouri, by Christina Pietz, Ph.D., a board certified psychologist. Dr. Pietz stated that defendant was competent to proceed as his bipolar disorder was controlled by medication. However, Dr. Pietz stated, "[S]hould Mr. Robinson's medication be changed or discontinued for any reason, in all likelihood he will quickly decompensate and not be competent to proceed. It is noteworthy that Mr. Robinson sporadically complies with his medication. In all likelihood, he will stop taking medication if given the chance."

Defense counsel requested an opportunity to get a second opinion. Defendant was subsequently examined by John Wisner, M.D., who found defendant not competent.

I held a competency hearing on July 16, 2008. The parties stipulated to the reports of Dr. Pietz and Dr. Wisner. Both

doctors testified during the competency hearing.  Dr. Pietz
testified that during the first two weeks when defendant was at
Springfield, his behavior was violent.  Defendant "barely
performed" the Validity Indicator Profile, and failed to complete
the MMPI due to his inability to use the equipment because of his
violent behavior.  She also testified that in her opinion,
defendant's condition could deteriorate to the point of lack of
competence within a day or two of any changes or discontinuation
of medication.

Dr. Wisner examined defendant on May 29, 2008.  Dr. Wisner
Dr. Wisner believed that at any given time, defendant could be a
little more or a little less symptomatic.  By that, he meant that
defendant may be more willing at times to discuss his paranoid
delusions and his feelings of reference and influence.  However,
Dr. Wisner believed that those symptoms were present all or
nearly all of the time.  Dr. Wisner believed that defendant was
too psychotic and too disorganized in Springfield to be testable.
Dr. Wisner testified that defendant did not recognize that
his symptoms were symptoms.  "He has been ill chronically enough
and the illness is of sufficient severity that he totally lacks
insight. And he thinks that's the way it's supposed to be."  Dr.
Wisner did not believe defendant had an adequate mental
representation of what happens during the course of a trial and
could not therefore assist in his own defense.  Defendant

2

believed that people, including his defense attorney, could read his thoughts, defendant communicated by "gazing into his eyes" and believed that looking into someone's eyes conveyed a coded message. As a result, Dr. Wisner believed that defendant was not competent to proceed.

On August 25, 2008, Judge Laughrey entered an order finding defendant not competent. Defendant was transferred to the Medical Center for Federal Prisoners in Springfield, Missouri, to undergo treatment.

On May 27, 2009, Dr. Pietz prepared a Forensic Report finding that defendant's competency had been restored. I held a competency hearing on June 2, 2009. Defendant was present, represented by Assistant Federal Public Defender Ronna Holloman-Hughes. The government was represented by Assistant United States Attorney Jess Michaelsen. The parties stipulated to the report of Dr. Pietz who found that defendant's competency had been restored (Tr. at 2-3).

Based upon the uncontroverted evidence stipulated to by the parties in this case, I find that the defendant is now competent to stand trial and to assist in his defense. Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and applicable law, enter an order finding defendant competent to stand trial and to assist in his defense.

3

Counsel waived the ten day objection period set forth in 28 U.S.C. § 636(b)(1) (Tr. at 3).  Any objections to this Report and Recommendation shall be filed by June 5, 2009.  It is further

ORDERED that the United States Marshal send a copy of Dr. Pietz's May 27, 2009, report to CCA to be placed in defendant's medical file.  The report is to be used for no purpose other than defendant's treatment at CCA.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
June 4, 2009